

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00445-CV

IN RE JARROD FLAMING, RELATOR

ORIGINAL PROCEEDING

December 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Jarrod Flaming, filed an application for a writ of mandamus in the above-referenced cause.  He asks us to direct the Honorable Kregg Hukill, 242nd Judicial District, Hale County, Texas "to delete Bill of Costs assessment [sic] approximating $7,770.00, and for Hale County to reimburse relator all funds illegally seized from relator's trust fund account." We deny the petition.

According to allegations in the pleading before us, the assessment pertained to attorney's fees attributable to the appointment of legal counsel in a criminal prosecution. Apparently, Flaming was found guilty and convicted in 2010.  He further alleges that the trial judge assessed attorney's fees against him.  In October of 2015, Flaming moved the trial court to "delete the Court's Bill of Costs and refund relator all fees."  That motion was purportedly denied on November 30, 2015.

Though proceeding *pro se*, Flaming remains obligated to comply with applicable rules of procedure. *In re Chavez*, No. 07-11-00369-CV, 2011 Tex. App. LEXIS 7959, at *3-4 (Tex. App.—Amarillo October 5, 2011, orig. proceeding) (stating that "*pro se* filings may be reviewed less stringently than those filed by attorneys . . . a party proceeding *pro se* must still comply with rules of procedure."). One of those rules obligates the petitioner to certify that he reviewed the petition and concluded that every factual statement in the document is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Another rule requires the petitioner to accompany his petition with an appendix containing, among other things, a certified or sworn copy of any order complained of or any other document showing the matter about which he complains. TEX. R. APP. P. 52.3(k)(1)(A). Flaming failed to comply with either rule.

No certification under Rule 52.3(j) accompanied the petition. And, though he attached a copy of his motion to delete the bill of costs, he failed to attach a copy of the order denying that motion. Nor did he attach an authenticated copy of the bill of costs in question or the order or judgment assessing the attorney's fees or the order appointing him counsel due to his indigence. Each is a document showing the matter about which he complains and is necessary to enable us to determine the merits of his complaint. *See In re Corker*, No. 07-11-00454-CV, 2011 Tex. App. LEXIS 9208, at *3-5 (Tex. App.—Amarillo November 18, 2011, orig. proceeding) (noting that the petitioner failed to append an order permitting the withdraw of funds from his inmate trust account and the bill of costs, among other things, and holding that he failed to provide a sufficient record enabling us to consider his complaint).

Due to the foregoing deficiencies, we deny the petition for writ of mandamus without prejudice.

Brian Quinn
Chief Justice

Pirtle, J., concurring in result.

3